*In re* VETTERLEIN & Co., Bankrupts.

*(District Court, S. D. New York.* April 19, 1884.)

BANKRUPTCY—PREFERENCE—UNITED STATES.

 Where a bankrupt firm, through fraudulent undervaluations of goods entered at the custom-house, has incurred a forfeiture of their value to the United States, the claim of the latter against the firm for the tort is joint and several; and upon proof of the debt, containing a statement of the facts, the United States is entitled, under sections 5501 and 3466 of the Revised Statutes, to priority of payment out of any of the proceeds of either the joint or several estates, without reference to what may be the particular claim of priority in its proof of debt.

In Bankruptcy.

*Samuel B. Clark*, Asst. Dist. Atty., for the United States.

*Jas. K. Hill*, for assignee.

BROWN, J. The proof of the debt made by the United States in this case, sworn to on April 1, 1878, declares that Theodore H. Vet-

terlein and Bernard T. Vetterlein, the bankrupts, were, and still are, justly indebted to the United States in the sum of $99,951.25 for the value of goods imported in violation of the act of March 3, 1863, "to prevent and punish frauds upon the revenue," and which became forfeited to the United States thereby. The proof subsequently states that a claim is made for priority of payment out of the joint estate of said bankrupts as prescribed by law.

The above proof does not in terms claim priority of payment out of the individual estate of either of the bankrupts. The account of the assignee shows a joint estate and joint creditors, and a small separate estate of Theodore H. Vetterlein, one of the bankrupts, and private debts of the latter in excess of his estate. The assignee claims that the debt of the United States is not entitled to priority out of the separate estate, both because it has elected to prove the debt against the joint estate, and because it has not made an express claim of priority against the separate estate. Claims of the kind here referred to are both joint and several. It is unnecessary to determine whether a private creditor would, upon such debts and under the law of this country, be put to his election between the joint and several estates. *Mead* v. *Bank of Fayetteville*, 6 Blatchf. 180, and cases cited; *In re Bigelow*, 3 Ben. 146.

The decision of the supreme court in the case of *Lewis* v. *U. S.* 92 U. S. 618, holds that, under the fifth section of the act of March 3, 1797, (Rev. St. § 3466,) as well as under the bankruptcy act, § 5101, the priority of the United States is absolute against both the joint and separate estates, and that those provisions of law supersede the marshaling of assets, as recognized in equity, and by the bankrupt law, as between other creditors of the bankrupts. Under this decision, to which this court is bound to conform, no distinction of joint and separate estates can prevail as against the United States. The proof of debt above referred to states the facts upon which, according to the decision of the supreme court, the right of the United States must prevail against other creditors, for both the joint and separate property. It was unnecessary in the proof of debt to assert that the claim was made against the joint estate. It was immaterial whether this claim were made or were not made; and the assertion of a joint claim cannot debar the legal effect of the proof which, under the law as above stated, entitled the United States to priority out of the separate estate also.

The prior claim of the United States must therefore be allowed against both the joint and several estates.